JOHN MENDONZA (SBN 226793)
DUANE TYLER (SBN 147191)
**MOORE, BREWER, JONES, TYLER & NORTH**
5870 Stoneridge Mall Road, Suite 206
Pleasanton, California 94588
Telephone No. (408) 279-8800
Facsimile No. (408) 279-8129

Attorneys for Creditor,
MERIWEST CREDIT UNION

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In Re ) Case No. 11-47858
)
JOHN ALBERT LOUGH, JR. and )
JACQUELINE ELIZABETH LOUGH, )
)
Debtors. )
)
)

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Creditor MERIWEST CREDIT UNION (herein the "Credit Union") hereby objects to confirmation of the Plan proposed by Debtor in the above-entitled matter as follows:

**FACTS**

The Credit Union is the holder of a claim based upon a Retail Installment Sale Contract dated August 4, 2008, relating to the purchase of a 2008 Nissan Versa automobile. (The sale contract was originally entered by and between Debtors and Antioch Nissan, but the rights of Antioch Nissan were subsequently purchased by and assigned to the Credit Union on or about August 4, 2008.)

The Credit Union's claim is secured by a duly perfected lien interest in the 2008 Nissan Versa automobile ("collateral").

The principal balance owed to the Credit Union on such claim, on the date Debtor filed the bankruptcy petition was $10,144.09.

The Credit Union believes the replacement value of the collateral, on the date Debtor's petition

-1-

was filed, was $12,275.00. The Credit Union bases this value on the retail value for the collateral, as shown in the Kelley Blue Book Official Car Guide, July 2011 edition, which is attached hereto as Exhibit "A".

## OBJECTION TO CONFIRMATION OF PLAN

**1. The value of the security is greater than that stated by Debtor.**

11 U.S.C. §1325(a)(5) requires, as a condition to confirmation of the plan, that the plan provide that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim. . ." Debtor's proposed Plan sets a value upon the collateral which is less than its replacement value, in violation of 11 U.S.C. §1325(a)(5).

11 U.S.C. § 506(a)(2) provides "if the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based upon the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."

Debtor has moved the court to value the Credit Union's security interest in the collateral at $8,615.00. The Credit Union believes the replacement value of that collateral is at least $12,275.00, and believes it may be greater than that amount. The Credit Union bases this value on the retail value for the collateral, as shown in the Kelley Blue Book Official Car Guide, July 2011 edition. Therefore, the plan fails to meet the requirement of 11 U.S.C. § 1325 (a)(5).

The Credit Union's investigation has not yet been completed, and the Credit Union may have additional bases for objection to the Plan after completion of such investigation.

Accordingly, Creditor MERIWEST CREDIT UNION objects, pursuant to 11 U.S.C. § 1324, to the confirmation of the proposed Plan.

**MOORE, BREWER, JONES, TYLER & NORTH**

Dated: August 3, 2011  By:  /s/ John Mendonza
JOHN MENDONZA
Attorney for Creditor
MERIWEST CREDIT UNION